RECEIVED
AUG 1, 2012
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Gordon Warren Epperly
P.O. Box 34358
Juneau, Alaska 99803

Tel: (907) 789-5659

| | |
|---|---|
| Gordon Warren Epperly, ) | |
| ) | |
| Petitioner, ) | Case No.    1:12-CV-0011-TMB |
| ) | |
| vs. ) | Judge Timothy M. Burgess |
| ) | |
| Barack Hussein Obama II, ) | |
| Nancy Pelosi, ) | Objection To Court Order |
| Mead Treadwell, ) | |
| Gail Fenumiai, ) | With |
| ) | |
| Respondents. ) | Jurisdictional Challenge |

# Objection to Court Order
# With
# Jurisdictional Challenge

COMES NOW Gordon Warren Epperly, the Petitioner of the above entitled proceeding does here give "*Objection*" and question the jurisdiction of this Court to remove proceedings that is before the Alaska Superior Court for the State of Alaska at Juneau, Alaska into the United States District Court for the District of Alaska as follows:

## I

On or about July 31, 2012, I, Gordon Warren Epperly was in receipt of a packet from the U.S. District Court for the District of Alaska which contained several papers including a

"*Court Order*" from the Chambers of Judge Timothy Burgess declaring that he has Ordered the removal of the Proceeding from the Alaska Superior Court into the U.S. District Court for the District of Alaska. This authority appears to transfer cases from one Court to another appears to be founded upon 28 USC 1442(a)(1) as declared by the Applicants within their "*Notice of Removal*" dated July 27, 2012 and as stated on the Court Cover Sheet, an Application of which a copy thereof was not mailed to the Petitioner of the above entitled Superior Court proceeding:

### 28 USC § 1442 - FEDERAL OFFICERS OR AGENCIES SUED OR PROSECUTED

**(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

**(1)** The United States or any agency thereof **or any officer** (or any person acting under that officer) of the United States or of any agency thereof, **in an official or individual capacity, for or relating to any act under color of such office** or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. [*Emphasis Added*]

As we can see from the above law, it is not enough to just name an Officer of the United States as the authority to move a proceeding that is before a State Court into a Federal Court, but there must also be a showing that the Officer of the United States government was acting in a capacity that had a relationship to that Officer's Office. Both Nancy Pelosi and Barack Hussein Obama II were acting outside their official capacities of Office that brought them within the jurisdiction of Petitioner's "*Petition for an Order in the Nature of Mandamus*" that is before the Superior Court for the State of Alaska:

"*Administrative Proceedings*" of a State that have "*Complainants*" that are in want of "*Standing*" of a Plaintiff into a "*Case*" or "*Controversy*" of a U.S. Constitution, Article III U.S. District Court and then dismiss the proceedings for want of jurisdiction.

If want of jurisdiction is to be raised by Barack Hussein Obama II or by Nancy Pelosi, the question of jurisdiction should have been raised within the "*Administrative Record*" of the Alaska Division of Elections, not after the Record has been submitted to a Judicial Court for Review. Judicial Courts that have been convened for "*Review*" of an "*Administrative Records*" are not "*Trail Courts de novo*" and as such, the Judges of such Proceedings have no authority to hear anything that is not in the Administrative Record. This U.S. District Court for the District of Alaska has no authority under the United States Constitution to convert "*Administrative Proceedings*" into "*Trails de novo*" for the purpose of acquiring pretended jurisdiction to determine Office qualifications of Presidential Candidates, such as Barack Hussein Obama II, for the purpose of side stepping the exclusive jurisdictional mandates of the U.S. Constitution for the States of the Union to determine Office qualifications of Candidates including Candidates for the Office of President of the United States.

### III

**Barack Hussein Obama II:** Barack Hussein Obama II has announced his intentions to be a Presidential Candidate for the Election year of 2012. What is at issue before the Alaska Division of Elections and under review of the Superior Court for the State of Alaska, is the question of qualifications of a Presidential Candidate to appear on the Year of 2012 General Election Ballots for the State of Alaska. Barack Hussein Obama II is named in the Petition that is before the Alaska Superior Court as a Candidate for the Office of President of the

United States as he is a Candidate whose qualifications of Office has been brought into questioned within the Administrative Complaint that is before the Alaska Division of Elections and before the Alaska Superior Court as a Court of Review. As Barack Hussein Obama II is named as a [perspective] Presidential Candidate for the Office of President for the years of 2013 through 2017, he is not acting in his official capacity of a sitting President. The authority to determine the Office qualifications is with the States of the Union, not with the United States government.

This United States District Court has no authority to interfere with the ministerial duties of the Director of Alaska Division of Elections to determine the Office qualifications of Presidential Candidates of the United States. For this reason alone, the Judge of this U.S. District Court is in want of jurisdictional authority to remove Barack Hussein Obama Jr. from the Alaska Superior Court's authority to review the Administrative Records of the Alaska Division of Elections for to do so, would be an obstruction of the jurisdictional authority of the Director of the Alaska Division of Elections to determine Candidacy qualifications of Office for Barack Hussein Obama II to be the President of the United States and to qualify his name for the General Election Ballots for the State of Alaska.

This is exactly what has taking place when the Judge of the United States District Court removed Barack Hussein Obama Jr. name from the Superior Court for the State of Alaska for the Superior Court will no longer have the authority to issue forth an *"Order in the Nature of Mandamus"* upon the Director of the Alaska Division of Elections to give Barack Hussein Obama II an opportunity to come before the Alaska Division of Elections to create an Administrative Record in his name so that his name may appear on the Election Ballots for the State of Alaska. With the Judge of this U.S. District Court Judge interfering with the exclusive jurisdiction of a Superior Court of the State of Alaska to review Agency Administrative Records of the State of Alaska, the Judge is declaring that Barack Hussein Obama II will not be allowed to

establish his qualifications of Office within the Administrative Record of the Alaska Division of Elections and with the absence of qualifications recorded in the Administrative Record, his name will not be appearing on the General Election Ballots for the State of Alaska.

Exclusive jurisdiction to review Administrative Records of an Agency of a State is with the Superior Courts of the States, not with any Court of the United States government. With the silence of Barack Hussein Obama II on the Administrative Record of the Alaska Division of Elections, his silence will be looked upon as an admission that he is in want of Office qualifications for the Office of President of the United States and his silence will also be looked upon as prima facia evidence that criminal acts have been committed which would required the Judge of the Alaska Superior Court to submit the name of Barack Hussein Obama II to the District of Columbia Federal Grand Jury at Washington, D.C. for a criminal investigation as required by Federal Law and his *"Oath of Allegiance"* to support and defend the United States Constitution. The Judge of the Alaska State Superior Court has been *"noticed"* that criminal acts may have been committed and he was also *"noticed"* that the federal law of 18 USC 4 requires the reporting of such crimes to a Judge.

### IV

**Nancy Pelosi:** Nancy Pelosi is employed by the United States as a Representative of the United States House of Congress, but when she took on the duties of *"Chair"* of the Democrat National Committed, she also became an Officer of the Democrat National Political Party. The two Offices are separate and they cannot be combined. Nancy Pelosi's name first appeared in the Administrative Record that is on file with the Alaska Division of Elections and then was repeated in the above entitled *"Petition"* that was filed with the Alaska

Superior Court. Nothing new was inserted into the above entitled "*Petition*" that does not appear in the Administrative Record.

As "*Chair*" of the Democrat National Committee, Nancy Pelosi did circulate to several Directors of Elections and Secretaries of State of the States of the Union a "*Document*" wherein she declared under "*Oath*" that Barack Obama was a qualified Candidate for the Office of President of the United States under the provisions of the United States Constitution. With this "*Document*," the name of Barack Obama was placed on the year 2008 General Election Ballots of the States as a Candidate for the Office of President of the United States.

When Nancy Pelosi refused and continues to refuse request to produce copies of the "*Public Documents*" which the Democrat National Committee or Nancy Pelosi as the "*Chair*" of the Democrat National Committee relied upon to declare that Barack Hussein Obama II was a qualified Presidential Candidate under the provisions of the United States Constitution, her silence raises a "*Red Flag*" that a crime may have been committed, a crime that is required to be reported to a Judge under 18 USC 4.

The circulation of Candidacy Qualification Forms on behalf of the Democrat National Committee was not done in the performance of Nancy Pelosi's duties as an Officer of the House of Representatives of the United States Congress, but as an Officer of the Democrat National Political Party. Any wrong doing that may have occurred was done in the name of an Officer of the Democrat National Committee as "*Chair*," not as a Representative of the House of the U.S. Congress which leaves Nancy Pelosi in want of the protections of 28 USC 1442(a)(1).

## V

**Mead Treadwell:** Respondent Mead Treadwell is employed by the State of Alaska as the Lieutenant Governor of the State. As Mead Treadwell is not an Officer nor an Employee of the United States government, the Judge of the

United States District Court had no jurisdictional authority under 28 USC 1442 to remove Mead Treadwell's name from the jurisdiction of the Alaska Superior Court and move it into the United States District Court for the District of Alaska.

## VI

**Gail Fenumiai:** Respondent Gail Fenumiai is employed by the State of Alaska as Director of the Alaska Division of Elections. As Gail Fenumiai is not an Officer nor an Employee of the United States government, the Judge of the United States District Court had no jurisdictional authority under 28 USC 1442 to remove Gail Fenumiai's name from the jurisdiction of the Alaska Superior Court and move it into the United States District Court for the District of Alaska.

## VII

The Petitioner's *"Petition for an Order in the Nature of Mandamus"* was presented in two parts. The first part in which the Respondent, Barack Hussein Obama II and Nancy Pelosi were named as *"Respondents,"* the Petitioner used the platform of the Petition for the purpose of notifying the Judge of what criminal acts may have been committed against the United States government and then using the Petition to report those crimes to the Judge under the mandate of 18 USC 4. As the names of these two individuals were presented to the Judge of a Court of a State under a mandate of law of the United States Congress, the jurisdictional statement of 28 USC 1331 does not apply as the Judge of this U.S. District Court has no authority to remove such reportings of *"Criminal Acts"* from a Judge of a Superior Court of a State. No ministerial duties were required of Barack Hussein Obama II nor of Nancy Pelosi as claimed by U.S. Attorney, Karen L. Loeffler.

The second part of the Petition addressed the ministerial duties of the Lieutenant Governor Mead Treadwell and the Director of Elections,

Gail Fenumiai that is required of them to perform under the laws of the State of Alaska. As the issue of ministerial duties of employees of a State that is within the exclusive jurisdiction of the State, the Judge of the U.S. District Court had no jurisdictional authority to assert the authority of his U.S. District Court over these two named Respondents.

In regard to Candidate qualifications of Offices of the United States government, there is an agreement among most Federal Judges, Judges of the States, and with the <u>Legal Affairs and Policy Staff of the Office of the Federal Register</u> that the States of the Union have exclusive jurisdiction and duty to verify Office qualifications of all Candidates including the Candidates for Offices of the United States government (*including the Office of President of the United States*). In fact, the Legislatures of several States of the Union in the ending days of their 2011-2012 Legislative Session have taken the liberty to review their State Election Laws to address the questions of Presidential Office qualifications that Barack Hussein Obama II have raised.

## VI

In regard to that portion of the "*Order*" of this Court which I am ordered to certify the Record of the Superior Court for the State of Alaska to the Clerk of the United States District Court, to this part of the "*Order*" I must object. I have knowledge of the "*Answers*" to the Respondent's "*Motions*" which I authored and filed and I am willing to make them available to the Clerk of the U.S. District Court for the District of Alaska for viewing when the Judge of this U.S. District Court has shown that he has subject matter and persona jurisdiction over an Administrative Proceeding that is under review before the Superior Court for the State of Alaska. In regard to production of any other Court Documents, they are under the care of the Clerk of the Court of the Superior Court at Juneau, Alaska and as the Clerk of the Court is the only individual that has authority to certify the Record of the Superior Court to another Court, you may contact the Clerk at:

Clerk of Court
Alaska Superior Court
P.O. Box 114100
Juneau, Alaska 99811-4100

The same holds true with the Administrative Records that are on file with the Alaska Division of Elections. The Director of Elections is in charge of those Records and only the Director of Alaska Division of Elections is authorized to certify the Administrative Record to a Judicial Court of Law. You may contact the Director of Elections at:

Gail Fenumiai
Director of Alaska Division of Elections
P.O. Box 110017
Juneau, Alaska 99811-0017

No action will be taken on my part until the Judge of the above entitled U.S. District Court comes forth and shows that the United States District Court for the District of Alaska has jurisdictional authority to interfere with and obstruct an Administrative Proceeding of the Alaska Division of Elections that is before the Superior Court for the State of Alaska for review and has authority to compel a "*Complainant*" of an "*Administrative Complaint*" to make an appearance before a U.S. District Court as a Plaintiff that is in want of "*Standing*" to entertain a U.S. Constitution, Article III "*Case*" or "*Controversy*."

## VII

In regard to that part of the Court Order instructing me to notify the U.S. District Court for the District of Alaska the names and addresses of those who made an appearance before the Court on behalf of the above named Respondents, there are only two individuals that have informed me of their Court appearances:

| Elizabeth M. Bakalar of the Alaska Department of Law representing **Gail Fenumiai** and **Mead Treadwell** whose mailing address is: | **Tom Daniel Perkins Cole, LLP** representing **Barack Hussein Obama II** and **Nancy Pelosi** whose mailing address is: |
|---|---|
| **Elizabeth M. Bakalar** Department of Law State of Alaska P.O. Box 110300 Juneau, Alaska 99811-0300 | **Tom Daniel Perkins Cole, LLP** 1023 W. 3rd Avenue Anchorage, Alaska 99501 |

I have not received any other "*Notices*" of appearances from other Attorneys.

Dated this **First** day of the month of **August** in the year of our Lord Jesus Christ, **Two-Thousand and Twelve**.

*Gordon Warren Epperly*
Gordon Warren Epperly – Petitioner