MICHAEL C. GERAGHTY
ATTORNEY GENERAL
Elizabeth M. Bakalar
Assistant Attorney General
P.O. Box 110300
Juneau, AK 99811
Phone: (907) 465-3600
Fax: (907) 465-2520
libby.bakalar@alaska.gov
**Attorney for Defendants Treadwell and Fenumiai**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

GORDON WARREN EPPERLY,    )    Case No. 1:12-cv-00011-TMB
                  )
     Petitioner,       )
                  )
     vs.            )    **MOTION TO DISMISS AND**
                  )    **MEMORANDUM OF POINTS**
BARACK HUSSEIN OBAMA II,   )    **AND AUTHORITIES IN**
NANCY PELOSI, MEAD       )    **SUPPORT THEREOF**
TREADWELL, GAIL FENUMIAI,   )
                  )
     Respondents.     )
_____)

## MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 7(b), 81(c), 12(b)(1), and

12(b)(6), Lieutenant Governor Mead Treadwell and Gail Fenumiai, director of the

Division of Elections (collectively, "the division"), move to dismiss the above-captioned

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

matter for lack of subject matter jurisdiction and failure to state a claim upon which relief

can be granted.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiff Gordon Epperly has sued President Barack Obama,

Congresswoman Nancy Pelosi, and the division in an apparent attempt to keep President

Obama's name off Alaska's 2012 general election ballot unless and until the division

performs its purported "ministerial duty" to "verify" that the President is constitutionally

qualified for office. Plaintiff claims the President's eligibility is in doubt because of his

alleged status as "a child of mixed marriage … identified in law as a *Mulatto* [sic]," his

---

[1] Rule 81(c)(2)(C) provides that "[a]fter removal, re-pleading is *unnecessary* unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods … 7 days after the notice of removal was filed." (Emphasis added). The division did not answer the complaint in state court, but rather timely moved to dismiss it on July 20 for lack of subject matter jurisdiction and failure to state a claim. Motions to dismiss for failure to state a claim may be considered among the "other defenses" contemplated by Rule 81(c). *See, e.g., Burton v. The TJX Companies, Inc.*, 2008 WL 1944033 at *1 (May 1, 2008) (not reported). It is not clear that the same is true of motions to dismiss for lack of subject matter jurisdiction. The President removed this action on July 27, making the division's response, if required, due on August 3. Based on the pleadings filed so far in state court, it is not clear that re-pleading by the division is truly "necessary," but the division notes that the standards for dismissal of actions in state and federal court are slightly different, and, more importantly, that the standards for subject matter jurisdiction are different. The division also notes that while re-pleading may be unnecessary without further order of the Court, it is not apparently prohibited absent such an order. Accordingly, and out of an abundance of caution, the division now files this motion.

**ATTORNEY GENERAL, STATE OF ALASKA**
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

"questionable and unknown" birth place, the "question of [President Obama's] Father being subject to the jurisdiction of the United States at the time of his birth [*sic*]," and because Nancy Pelosi, "[a]s a Women, [] has no inherent Rights of Birth to be a Citizen of the United States …" [*sic*].[2]  Plaintiff further claims that both President Obama and Congresswoman Pelosi have "committed the crime of advocating the overthrow of the Constitutional Government of the United States [*sic*]," and asserts that only Caucasian males are true United States citizens.[3]

       Plaintiff's statements regarding race, gender, citizenship, and criminal conduct are repugnant and absurd; and as explained more fully below, plaintiff lacks standing and this court has no jurisdiction over his claims.  Further, plaintiff's claims are not ripe and he fails to allege any plausible, non-speculative factual allegation to support them.  Fortunately—or perhaps unfortunately—there is a wealth of case law supporting the division's position:  the current presidency has been besieged by litigation of exactly this nature.  And federal courts have universally dismissed allegations similar or identical to plaintiff's, in some cases sanctioning litigants for wasting the courts' time in adjudicating them.  Accordingly, this Court should grant the division's motion to dismiss.

---

[2]      "Petition" at 2-3.

[3]      *Id.* at 3-4, 12 n. 12.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT       Page 3 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*       Case No. 1:12-cv-00011- TMB

## BACKGROUND

The division construes plaintiff's "Petition for an Order in Nature of Writ of Mandamus" as a request for a court order directing the division to remove President Obama's name from the 2012 general election ballot unless and until the division "verifies" that the President is constitutionally qualified for office. Among other things, plaintiff faults the division for failing to obtain and evaluate "documents of eligibility" and "take (anticipatory) action to verify the qualifications of Barack Hussein Obama II to have his name appear on the General Election Ballots for the State of Alaska [*sic*]."[4]

But there is a fixed, statutory method for the division to place the names of presidential candidates on a presidential election ballot. Alaska's lieutenant governor has three statutory duties. He must: (1) administer state election laws; (2) appoint notaries public; and (3) adopt regulations under the Administrative Procedure Act providing for the broadcasting of notices under that act.[5] The division of elections is supervised and controlled by the lieutenant governor, and managed by an appointed director who is charged with "the administration of all state elections as well as those municipal elections

---

[4] "Petition" at 7, 9. As explained below, these claims should be dismissed for lack of standing, jurisdiction, and ripeness, and because they violate Federal Rule of Civil Procedure 11 governing the filing of frivolous lawsuits.

[5] Alaska Stat. §§ 44.19.010; 44.19.020.

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT                                      Page 4 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*                Case No. 1:12-cv-00011- TMB

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

that the state is required to conduct," including general elections held during presidential election years.[6]

Like all states, Alaska is part of the Electoral College system, through which the offices of president and vice-president are chosen by the votes of duly-appointed electors from each state. These electors cast their votes for president and vice-president in each presidential election year in a manner specified by the United States Constitution and implementing provisions of state law.[7] A vote marked for president or vice-president is considered and counted as a vote for the election of presidential electors.[8]

In Alaska, candidates for president and vice-president may reach the ballot in three ways. The first is through political party nominations from recognized political parties, in which "[t]he chairperson and secretary of the state convention or any other party official designated by the party bylaws shall certify a list of the names of candidates for electors to the director on or before September 1 in presidential election years."[9] As noted above, these electors must pledge to vote for the party-nominated candidate.[10] The second is through "limited political party nominations,"

---

[6]     Alaska Stat. § 15.10.105.

[7]     *See* U.S. Const. art. II, § 2; U.S. Const. amend. XII; Alaska Stat. §§ 15.30.030; 15.30.040.

[8]     Alaska Stat. §§ 15.15.360(a)(8); 15.30.050.

[9]     Alaska Stat. § 15.30.020.

[10]    Alaska Stat**.** § 15.30.040.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

in which limited political parties may be formed by petition at least 90 days before the general election for the purpose of selecting presidential and vice-presidential candidates.[11] Finally, a person may petition the division in a specified manner to run as an independent candidate for president.[12]

Each political party must require from each candidate for elector a pledge that, as an elector, the person will vote for the candidates nominated by the party of which the person is a candidate.[13] Alaska does not have a presidential primary election, and no further provision of state or federal law addresses the manner in which candidates for president and vice-president reach Alaska's general election ballot.[14]

---

[11]    Alaska Stat. § 15.30.025.

[12]    Alaska Stat. § 15.30.026.

[13]    Alaska Stat. § 15.30.040.

[14]    Plaintiff's apparent reliance on Alaska Stat. § 15.25.042 and Alaska Admin. Code 6 AAC 25.260 for a contrary position is misplaced. § 15.25.042(a) provides: "if the director receives a complaint regarding the eligibility of a candidate for a particular office, the director shall determine eligibility under regulations adopted by the director." 6 AAC 25.260 is that regulation. Under 6 AAC 25.260(a), only candidates for statewide or district-wide office may be challenged—not candidates for president or vice-president. Accordingly, these complaint and eligibility procedures are plainly inapplicable. The division's unwillingness to entertain this matter at an administrative level is not, as plaintiff suggests, a derogation of any duty, ministerial or otherwise. Under § 15.30.020, "[t]he chairperson and secretary of the state convention or any other party official designated by the party bylaws shall certify a list of the names of candidates for electors to the director on or before September 1 in presidential election years." It is a matter of public record that the division does comply with its "ministerial duties" under this law by accepting certifications from political parties attesting to presidential and vice-presidential nominees' constitutional qualifications and placing nominated candidates on the ballot based on those certifications.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

## STANDARDS OF REVIEW UNDER RULES 12(b)(1) and 12 (b)(6)

A suit brought by a litigant without Article III standing is not a case or controversy.[15]  If plaintiff lacks Article III standing, this Court lacks subject matter jurisdiction over this case, necessitating dismissal under Rule 12(b)(1).[16]  Additionally, a court may *sua sponte* dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[17]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include factual allegations that are enough to raise a right to relief above the speculative level."[18]  To achieve this, "the complaint must contain sufficient matter, accepted as true, to state a claim to relief that is plausible on its face."[19]

## ARGUMENT

Plaintiff Gordon Epperly brings this action *pro se*.  While acknowledging "the important goals served by lenient treatment of *pro se* litigants," federal courts also

---

[15]     *Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004).

[16]     *Id*.

[17]     *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

[18]     *Suulutaaq, Inc. v. Williams*, 782 F.Supp.2d 795, 804 (D. Alaska 2010) (internal citations and quotations omitted).

[19]     *Id*. (internal citations and quotations omitted).

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT                     Page 7 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*          Case No. 1:12-cv-00011- TMB

**ATTORNEY GENERAL, STATE OF ALASKA**
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

recognize that such treatment "must necessarily yield to prejudice suffered by the court and other parties."[20]  And although *pro se* pleadings are liberally construed, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."[21]  Plaintiff's *pro se* status notwithstanding, the court should dismiss this case under Rules 12(b)(1) and 12 (b)(6), for the following reasons.

## I.  PLAINTIFF LACKS ARTICLE III STANDING UNDER CONTROLLING AUTHORITY AND THE COURT SHOULD THEREFORE DISMISS THIS CASE PURSUANT TO RULE 12(b)(1)

Plaintiff clearly lacks standing under controlling case law and the Court should grant the division's motion for that reason alone.  As noted above, a suit brought by a litigant without Article III standing is not a case or controversy.[22]  And if plaintiff

---

[20]    *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972); *VonGrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1319 (S.D. Cal. 2004). There appear to be some procedural problems with this case, including but not necessarily limited to plaintiff's failure to specify whether the defendants are sued in their official capacities and to make "a short and plain statement" of jurisdictional grounds and claims consistent with Rule 8, a problem the division recognizes the Court may disregard given plaintiff's *pro se* status.  The division also notes that under the 11th Amendment to the United States Constitution, a suit against state officials may be deemed a suit against the state potentially implicating the state's sovereign immunity. *Ex parte Young,* 209 U.S. 123 (1908).  Plaintiff appears to be suing the state defendants for conduct taken in their official (as opposed to personal) capacities, without explicitly saying so.  It is not readily apparent that plaintiff is aware of these issues or the distinction, and the precise authority for plaintiff's claims is likewise not readily apparent.  Accordingly, the division expressly preserves any and all sovereign immunity defenses.

[21]    *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[22]    *Cetacean Community*, 386 F.3d at 1175.

lacks Article III standing, this court lacks subject matter jurisdiction over this case and

dismissal is proper under Rule 12(b)(1).[23]

The "core component" of a litigant's standing in federal court is satisfaction of the "case-or-controversy" requirement of Article III of the United States Constitution.[24] "The irreducible constitutional minimum of standing contains three elements."[25]  First, a plaintiff must have suffered an "injury in fact" that amounts to an "invasion of a legally protected interest" which is "concrete," "particularized," "actual," and "imminent," as opposed to "conjectural or hypothetical."[26]  Claims regarding President Obama's eligibility for office have been litigated many times in the federal courts and have been universally dismissed for failure to satisfy these elements.

For example, in *Drake v. Obama*, a group of plaintiffs consisting of military personnel, taxpayers, politicians, and others sued the President shortly after his swearing-in, alleging that he was constitutionally ineligible for office.[27]  The Ninth Circuit found that none of the plaintiffs had standing to sue because their alleged harm—the President's constitutional disqualification—was "nothing more than an abstract constitutional

[23]    *Id*.

[24]    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing U.S. Const. art. III, sec. 1 et seq.).

[25]    *Id*.

[26]    *Id*. (internal citations and quotations omitted).

[27]    664 F.3d 774 (9th Cir. 2011).

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

grievance" common to all citizens rather than specific to them, and was "speculative and conjectural."[28] *Drake* is the law of the circuit on such claims and therefore controls here.[29]

Additionally, in *Berg v. Obama*, the Third Circuit found "an obvious lack of any merit" in the same contentions and dismissed the claims on standing grounds similar to those relied upon in *Drake*.[30] The following year, in *Kerchner v. Obama*, the Third Circuit dismissed the same claims for the same reasons.[31]

In *Cohen v. Obama*, a federal prisoner and *pro se* litigant brought a case shortly after the President's election, alleging that he was an illegal alien and thus ineligible to hold office.[32] The DC district court held that "plaintiff's claims fail because he does not have standing to pursue them," specifically because his "stake is no greater and his status no more differentiated than that of millions of other voters … his harm is too vague and its effects too attenuated to confer standing on any and all voters."[33]

In *Taitz v. Obama*, the same court dismissed for lack of standing attorney Orly Taitz's lawsuit claiming that President Obama was constitutionally ineligible for

---

[28] *Id*. at 780-81.

[29] *See, e.g., U.S. v. Neely,* 38 F.3d 458, 459-60 (9th Cir. 1994).

[30] 586 F.3d 234, 239 (3rd Cir. 2009).

[31] 612 F.3d 204 (3rd Cir. 2010) (cert. denied, 131 S.Ct. 663 (Mem.) (Nov. 29, 2010)).

[32] 2008 WL 5191864 (D.D.C. Dec. 11, 2008) (not reported).

[33] *Id*. at *1 (citing *Berg* v. *Obama*, 574 F.Supp.509, 2008 WL 4691981 at * 6 (E.D. Pa. Oct. 24, 2008).

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT      Page 10 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*      Case No. 1:12-cv-00011- TMB

Case 1:12-cv-00011-TMB    Document 8    Filed 08/03/12    Page 10 of 18

office.  The court characterized Ms. Taitz's claims as "quixotic" and starkly refused "to go tilting at windmills with her."[34]

And approximately two months ago, in *Sibley v. Obama*, the same court again dismissed the same claims on standing grounds, finding that the alleged injury was not particularized to plaintiff and that plaintiff had no personal stake in rectifying it.[35]

But this discussion may be moot in any event.  As noted above, this Court may also *sua sponte* dismiss a case "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[36]  As the foregoing authority shows, if ever such a case existed, this is it.

## II.    PLAINTIFF'S CLAIMS ARE NOT RIPE

The Court also should dismiss these claims under Rule 12(b)(1) because they are not ripe.[37]  "Standing and ripeness under Article III are closely related":  for a lawsuit to be ripe under Article III, "it must present concrete legal issues, presented in actual

---

[34]    707 F.Supp.2d 1, 3 (D.D.C. 2010).

[35]    2012 WL 2016809 (D.D.C., June 6, 2012).

[36]    *Apple*, 183 F.3d at 479.

[37]    *See, e.g., St. Clair v. City of Chico*, 880 F.2d 199, 204 (9th Cir. 2001) (district court properly dismissed unripe claims under Rule 12(b)(1)).  The ripening of plaintiff's claims would not save them in any event, for the other reasons stated in this brief.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

cases, not abstractions."[38]  The federal ripeness doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."[39]

Whether a case is prudentially ripe turns on "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."[40] This hardship requirement, in turn, "means hardship of a legal kind, or something that imposes a significant harm upon the plaintiff."[41]   Postponement of review must impose a hardship on plaintiff "that is immediate, direct, and significant."[42]

Plaintiff's claims do none of this.  To the extent plaintiff seeks relief based on the division's treatment of presidential nomination forms from the Democratic Party for the 2012 general election, the Democratic Party's nominating convention has not yet occurred, so no such forms are in the division's possession, and plaintiff's request therefore is premature and unfit for judicial review.

---

[38]     *See, e.g., Colwell v. Department of Health and Human Services*, 558 F.3d 1112, 1123 (9th Cir. 2009) (citing *United Pub. Workers v. Mitchell*, 330 U.S. 75, 89 (1947)) (internal quotations omitted).

[39]     *See Id.* (citing *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 804, 808 (2003)) (internal quotations omitted).

[40]     *Id.* at 1124 (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)).

[41]     *Id.* at 1128 (citing *Natural Res. Def. Council v. Abraham*, 388 F.3d 701, 706 (9th Cir. 2004)).

[42]     *Id.* (citing *Municipality of Anchorage v. U.S.,* 980 F.2d 1320, 1326 (9th Cir. 1992)).

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT                          Page 12 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*             Case No. 1:12-cv-00011- TMB

Case 1:12-cv-00011-TMB   Document 8   Filed 08/03/12   Page 12 of 18

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

More importantly however, the division's receipt of these forms will not save plaintiff's claims from a ripeness challenge for the same reason that they cannot survive a jurisdictional or standing challenge, and which are discussed at length above: the harm alleged—that President Obama is constitutionally unqualified for office and the division has done nothing about it—does not result in real injury or hardship, does not present the Court with a genuine need to resolve a real dispute, and is a speculative, conjectural, and generalized grievance devoid of any basis in fact or law. That holding has been made time and again by federal courts nationwide, including the Ninth Circuit Court of Appeals. Nothing about this case compels a different result.

## III. CONGRESS—NOT THIS COURT—IS THE PROPER BODY TO TEST A SITTING PRESIDENT'S ELIGIBILITY FOR OFFICE

Plaintiff apparently wants this Court to find President Obama ineligible for the ballot or for office. But Congress—not the judiciary—is the proper body to make such a finding with respect to a sitting president. Claims regarding President Obama's constitutional qualifications have been dismissed for exactly that reason.

In *Rhodes v. McDonald*, a military officer sought to prevent the United States Army from deploying her to Iraq based on President Obama's alleged inability to hold office.[43] The court stated: "[o]ur founders provided opportunities for a President's qualifications to be tested, but they do not include direct involvement by the judiciary,"

---

[43] 670 F. Supp. 2d 1363 (M.D. Ga. 2009).

and went on to explain that in addition to the scrutiny candidates undergo during the campaign process, the congressionally-authorized mechanism for resolving such grievances is impeachment.[44]

And in *Barnett v. Obama*, the court, entertaining a challenge to the President's constitutional qualifications for office, dismissed the same claims by finding that their resolution "is within the province of Congress—not the courts."[45]

Accordingly, if plaintiff is asking the Court to reach the merits of a sitting president's eligibility for office, only Congress—not this Court—may do so.

## IV. PLAINTIFF FAILS TO ALLEGE ANY PLAUSIBLE, NON-SPECULATIVE FACTUAL ALLEGATION SUFFICIENT TO STATE A CLAIM UNDER RULE 12(b)(6).

As noted above, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must include factual allegations that are enough to raise a right to relief above the speculative level."[46] In other words, "the complaint must contain sufficient matter, accepted as true, to state a claim to relief that is plausible on its face."[47] Plaintiff's complaint fails utterly in this respect.

---

[44] *Id*. at 1377.

[45] 2009 WL 3861788 (C.D. Cal., Oct. 29, 2009 (not reported).

[46] *Suulutaaq,* 782 F.Supp.2d at 804 (internal citations and quotations omitted).

[47] *Id*. (internal citations and quotations omitted).

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

The "facts" in plaintiff's pleadings are simply unsubstantiated and wholly discredited conspiracy theories regarding President Obama's ineligibility to hold office, arising in the sort of case that "would deserve mention in one of those books that seek to prove that the law is foolish or that America has too many lawyers with not enough to do."[48]  Plaintiff's remaining "facts" consist of his bewildering interpretations of the United States Constitution and state law, and a description of various documents plaintiff sent to the defendants.  In short, to the extent the pleadings contain any facts at all, none is plausible or non-speculative.

## V.    THIS LAWSUIT IS FRIVOLOUS AND VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 11 UNDER ESTABLISHED CASE LAW

The Federal Rules of Civil Procedure prohibit the filing of frivolous pleadings devoid of factual or legal merit and permit the imposition of sanctions for such filings.[49]  Several federal courts entertaining challenges to President Obama's eligibility for office have sanctioned attorneys for bringing frivolous claims under Rule 11.  Rule 11 applies to *pro se* plaintiffs, although "the court must take into account a plaintiff's *pro se* status" when it determines the reasonableness of *pro se* pleadings.[50]  The division is not

---

[48]    *Hollister v. Soetoro*, 601 F.Supp.2d 179, 180 (D.D.C. 2009) (dismissing claims of President's ineligibility for office brought under the federal interpleader statutes).

[49]    Fed R. Civ. P. 11.

[50]    *See, e.g., Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

seeking Rule 11 sanctions against plaintiff, because plaintiff is a *pro se* litigant who seems genuinely moved by his convictions, however misguided. However, such sanctions are clearly appropriate in cases like this.

For example, in *Kerchner v. Obama*, where plaintiff had appealed dismissal of a challenge to President Obama's eligibility for office, the court ordered plaintiff's attorney to show cause why damages and costs should not be imposed under Federal Rule of Civil Procedure 11 after the attorney had "meaningful notice," based on the outcome of similar cases, that his appeal was frivolous.[51]

In *Hollister v. Soetoro*, the court found plaintiff's attorney, who had challenged President Obama's citizenship and authority to issue military commands under the federal interpleader statute, in violation of Rule 11 because his case was "foolish," "offered no hope whatsoever of success," and the attorney "surely knew it."[52]

And in *Rhodes v. McDonald*, plaintiff's attorney Orly Taitz, who was representing a military officer refusing to obey President Obama's deployment orders on the theory that the President was improperly occupying office, was fined under Rule 11 for "enter[ing] the thicket of legal frivolity" in prosecuting those claims.[53] The *Rhodes* court roundly condemned Ms. Taitz's professional conduct, characterizing her attacks on

---

[51]    *Kerchner,* 612 F.3d at 210. *See also* Fed. R. Civ. P. 11, providing for the imposition of sanctions against a party bringing frivolous claims.

[52]    258 F.R.D. 1, 5 (D.D.C. 2009).

[53]    670 F.Supp.2d 1363, 1379 (M.D. Ga. 2009).

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT                                    Page 16 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*                    Case No. 1:12-cv-00011- TMB

Case 1:12-cv-00011-TMB   Document 8   Filed 08/03/12   Page 16 of 18

the President's heritage and loyalty to the country as "good rhetoric to fuel the 'birther

agenda,' but [] unbecoming of a member of the bar and an officer of the Court."[54]  In

fining Ms. Taitz $20,000, the court cited "evidence of counsel's attempt to use the federal

courts for the improper purpose of advancing her anti-Obama 'birther agenda.'"[55]

       Thus, claims nearly identical to plaintiff's have been found frivolous and to

have squandered judicial resources to a sanctionable degree.  Accordingly, Rule 11

presents an additional basis for dismissal.


**CONCLUSION**

       There is no factual or legal basis to perpetuate this case beyond engaging in

the bare minimum of procedure required to dispose of it.   For the foregoing reasons, the

Court should grant the division's motion and dismiss this case with prejudice.


               DATED:  August 3, 2012


                             MICHAEL C. GERAGHTY
                             ATTORNEY GENERAL

            By:    /s/ Elizabeth M. Bakalar
                  Assistant Attorney General
                  Alaska Bar No. 0606036
                  P.O. Box 110300
                  Juneau, AK 99811

---

[54]   *Id.*

[55]   *Id.*

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

MOTION TO DISMISS AND MEMORANDUM IN SUPPORT       Page 17 of 18
*Gordon Warren Epperly vs. Barack Hussein Obama II et al.*       Case No. 1:12-cv-00011- TMB

## Certificate of Service

The undersigned hereby certifies that on the 3rd day of August, 2012, true and correct copies of the foregoing documents, MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF and [PROPOSED] ORDER were served on the following parties of record via USPS, and electronically, pursuant to the court's electronic filing procedures:

Gordon Warren Epperly
P.O. Box 34358
Juneau, AK 99811-4100

tdaniel@perkinscoie.com

Bryan.Wilson@usdoj.gov

By:    /s/ Elizabeth M. Bakalar

**ATTORNEY GENERAL, STATE OF ALASKA**
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600