KAREN L. LOEFFLER
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
Bryan.Wilson@usdoj.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GORDON WARREN EPPERLY, | ) Case No. 1:12-cv-00011-TMB |
| Petitioner, | ) |
| vs. | ) **RESPONDENT PRESIDENT** |
| | ) **BARACK HUSSEIN OBAMA'S** |
| BARACK HUSSEIN OBAMA II, | ) **RESPONSE TO PETITIONER'S** |
| NANCY PELOSI, MEAD | ) **OBJECTION TO REMOVAL** |
| TREADWELL, GAIL FENUMIAI, | ) |
| Respondents. | ) |

Respondent President Barack Hussein Obama II, by and through the undersigned Assistant U.S. Attorney, files his Response to Petitioner's Objection to Court Order and in support states as follows:

On August 2, 2012, Petitioner filed in this Court a pleading entitled "Objection to Court Order With Jurisdictional Challenge." Dkt 7. Petitioner claims that the instant action focuses solely on actions taken by Respondent Obama outside his "official capacities of Office" and is therefore not subject to removal under 28 U.S.C. § 1442. Dkt. 7, p. 2. Petitioner's argument must fail.

28 U.S.C. § 1442(a)(1) states that a civil action commenced in state court is removable when "any officer (or any person acting under that officer) of the United States or of any agency thereof, [is sued for] any act under color of such office." Suits against federal officers may be removed despite the non-federal cast of the complaint; the federal-question element is met if the defense depends on federal law. *Jefferson County. v. Acker*, 527 U.S. 423, 431 (1999). "If the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

As a result, § 1442(a)(1) must be "liberally construed to give full effect to the purposes for which [it was] enacted," *Durham*, 445 F.3d at 1252, and "the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)

Epperly v. Obama et al.
Case No. 1:12-cv-00011-TMB 2

(quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). Thus, to justify removal, a defendant need not assert a "clearly sustainable defense," nor does he need to "win his case before he can have it removed." *Willingham*, 395 U.S. at 407; *see also Acker*, 527 U.S. at 431. Rather, where a federal officer seeks removal, "no determination of fact is required but it must fairly appear from the showing made that [the defendant's removal] claim is not without foundation and is made in good faith." *Colorado v. Symes*, 286 U.S. 510, 519 (1932).

    Here, despite his protests to the contrary, Petitioner has clearly raised official capacity claims against Respondent Obama. For example, in Paragraph 4 of his Petition for an Order in Nature of Writ of Mandamus, Petitioner alleges that Respondent Obama was unlawfully inaugurated as President of the United States and "has no Constitutional authority to hold any office of the United States government including the Office of President of the United States." Dkt. 1, Attachment 1, p. 3. Petitioner further claims that Respondent Obama has violated his oath of office (*Id.*, p. 4-6) and that he is ineligible to hold the office of President. *Id.*, p. 11, 16. Petitioner also asks that Respondent Obama be investigated by a federal grand jury for alleged crimes committed while President of the United States. *Id.*, p. 18.

Epperly v. Obama et al.
Case No. 1:12-cv-00011-TMB           3

Case 1:12-cv-00011-TMB    Document 9    Filed 08/03/12    Page 3 of 5

Several of Petitioner's allegations fall squarely against Respondent Obama in his official capacity. In light of the above cases, jurisdiction exists in federal court and removal of the entire case is proper. 28 U.S.C. § 1441(c); *Boggs v. Lewis*, 863 F.2d 662, 664 (9th Cir. 1988).[1]

WHEREFORE Respondent President Barack Hussein Obama II requests that this Court enter an Order denying Petitioner's request for remand.

RESPECTFULLY SUBMITTED August 3, 2012, in Anchorage, Alaska.

        KAREN L. LOEFFLER
        United States Attorney

        s/ E. Bryan Wilson
        Assistant U.S. Attorney
        Attorney for the Respondent

---

[1] If Petitioner wishes to dismiss his claims against the President in his official capacity, he may seek leave to amend his complaint. *See, e.g., Carnegie Mellon v. Cohill*, 484 U.S. 343, 357 (1988). However, any remand would be in the discretion of the Court. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991).

Epperly v. Obama et al.
Case No. 1:12-cv-00011-TMB        4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2012,
a copy of the foregoing **RESPONDENT
PRESIDENT BARACK HUSSEIN
OBAMA'S RESPONSE TO
PETITIONER'S OBJECTION
TO REMOVAL**
was served via U.S. mail on:

Gordon Warren Epperly
P.O. Box 34358
Juneau, AK 99811-4100

via electronic service on:

Thomas M. Daniel
Elizabeth M. Bakalar


s/E. Bryan Wilson

Epperly v. Obama et al.
Case No. 1:12-cv-00011-TMB              5