KAREN L. LOEFFLER
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
Bryan.Wilson@usdoj.gov

Attorney for Respondent

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GORDON WARREN EPPERLY, <br><br> Petitioner, <br><br> v. <br><br> BARACK HUSSEIN OBAMA II, *et al.*, <br><br> Respondents. | Civil Action No. 1:12-cv-0011 (TMB) |

**OPPOSITION TO MOTION TO REMAND BY RESPONDENT BARACK OBAMA**

Respondent, BARACK HUSSEIN OBAMA II, in his capacity as the President of the United States, by and through the undersigned Assistant U.S. Attorney, opposes Petitioner's Motion to Remand, and in support states as follows:

**INTRODUCTION**

Respondent removed this case from state court on July 27, 2012. Doc. 1. Petitioner objected to the removal (Doc. 7), and Respondent filed a response to that

objection, explaining why jurisdiction over this matter is properly in this Court. Doc.
9. Petitioner then filed the instant Motion to Remand, which rehashes the claims in
his earlier filings.[1]

### ARGUMENT

**Petitioner Has Raised Official Capacity Claims Against President Obama.**

As explained previously, Petitioner has identified and challenged as unlawful several of Respondent Obama's official duties as President of the United States. Petitioner first claims that Respondent's inauguration as President "was unlawful[]." Doc. 1, Attachment 1, p.3. To be sure, the inauguration of the President occurs at the very beginning of his term as President. Nevertheless, as the United States District Court for the District of Columbia explained in connection with President George W. Bush's inauguration, judicial action, such as "an injunction or declaratory judgment against the President" in connection with that President's inauguration, operates on "acts undertaken in [the President's] official capacity." *Newdow v. Bush*, 391 F.Supp.2d 95, 106-07 (D.D.C. 2005) (emphasizing that the Court could not issue an injunction that would affect the inauguration because of the Supreme Court's command that such relief "should not be issued against the President for official acts."). Other courts have likewise recognized that the inauguration of the President is an official event. *See, e.g.*, *Allegheny County v. ACLU of Greater Pittsburgh*, 492

---

[1] Petitioner also filed a "Rebuttal" to Respondent's response to Petitioner's objection to removal. Doc. 13. This filing adds only the argument that Petitioner's challenge to President Obama's qualifications cannot be removed because this Court would not have original jurisdiction over a *quo warranto* action, should Petitioner have chosen to bring one. This argument fails because "unlike removal pursuant to 28 U.S.C. § 1441, a district court has jurisdiction to hear an action removed pursuant to 28 U.S.C. § 1442a even if the initial action could not have been commenced by the plaintiff in a federal forum." *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980).

2

U.S. 573, 671 n.9 (1989) (Kennedy, J., concurring in part and dissenting in part) (citing opening prayers at presidential inauguration as an example of symbolic religious action by the Executive); *Coles v. Cleveland Bd. of Ed.*, 183 F.3d 538, 540 (6th Cir. 1999) (Boggs, J.), (dissent from denial of rehearing en banc) (treating solemnization of inauguration as official action). By challenging the inauguration as unlawful, Petitioner thus frames his allegations squarely as an attack on the President in his official capacity.

The nature of Petitioner's challenge to the President's official business is equally evident in his suggestion that Respondent be "investigat[ed by] federal officials such as the FBI" for an alleged "violation of [his] 'oath of office.'" Doc. 1, Attachment 1, p.5 at n.6. Article II of the Constitution provides the text of the presidential oath:

> I do solemnly swear (or affirm) that I will faithfully execute the Office of the President of the United States, and will to the best of my Ability, preserve, protect and defend the Constitution of the United States.

A claim that the President has violated this oath – taken at the very beginning of his term of office – is by necessity a claim that the President has, by his official actions, failed to "faithfully execute the Office of the President" or to "preserve, protect and defend the Constitution." For Petitioner, there is no avoiding the reality that his claims against the President based on the oath of office are claims against the President for his official acts.

Finally, Petitioner's "prayer for relief" makes clear precise relief that he seeks from the Court: "submi[ssion of] the name of Respondent . . . for a grand jury

investigation . . . for [giving] "Orders" to Military Commanders . . . and exercis[ing] other duties of the President of the United States."[2] Doc. 1, Attachment 1, p.18. Such a direct challenge to the President's exercise of his official duties is precisely the type of situation for which "the federal government [has] guarantee[d] its agents access to a federal forum" under 28 U.S.C. § 1442. *Durham v. Lockheed Martin*, 445 F.3d 1247, 1252-53 (9th Cir. 2006). Petitioner's request that the Court act against Respondent for exercising core official duties of the Executive demonstrates the outright misleading nature of Petitioner's attempt to recharacterize his pleading as merely a request for review of the State of Alaska's administrative action.

**Petitioner's suggestion that the Constitution requires discrimination on the basis of gender is equally frivolous.**

To his previous claims regarding jurisdiction, Petitioner's motion adds a "challenge [to] the U.S. Constitutional authority of Karen L. Loeffler to exercise the Office of U.S. Attorney." As his sole support for this claim – and his broader misconception that all "individuals who are not white Citizens . . . elected or appointed" in the government are "usurpers of office," Petitioner presents only a rambling, irrelevant historical opus purporting to interpret the Fourteenth and Nineteenth Amendments. Petitioner has been previously sanctioned for making similar arguments in other cases. *See Epperly v. United States*, 980 F.2d 737 (Table) (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Remand should be denied.

---

[2] For obvious reasons, Petitioner may not avoid the implications of his requested relief by describing it as dependent on the outcome of his litigation. *See* Doc. 16, p.3 ("a very important word that is overlooked . . . is 'If.'"). All forms of relief are dependent on the findings of the Court.

4

RESPECTFULLY SUBMITTED, on August 21, 2012, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney


s/ E. Bryan Wilson
Assistant U.S. Attorney
Attorney for the Respondent


**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2012,
a copy of the foregoing
was served via U.S. mail on:

Gordon Warren Epperly
P.O. Box 34358
Juneau, AK 99811-4100

via electronic service on:

Thomas M. Daniel
Elizabeth M. Bakalar

s/E. Bryan Wilson