RECEIVED
AUG 24 2012
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Gordon Warren Epperly
P.O. Box 34358
Juneau, Alaska 99803

Tel: (907) 789-5659

| | |
|---|---|
| Gordon Warren Epperly, | |
| Petitioner, | Case No. 1:12-CV-0011-TMB |
| vs. | Judge Timothy M. Burgess |
| Barack Hussein Obama II, Nancy Pelosi, Mead Treadwell, Gail Fenumiai, | Notice of Intent to File Judicial Misconduct Complaint |
| Respondents. | |

## Notice of Intent to File
## Judicial Misconduct Complaint

To: Judge Timothy M. Burgess

The Petitioner (Gordon Warren Epperly) of the above entitled proceeding that was filed with the Alaska Superior Court at Juneau, Alaska does hereby gives "*Notice*" to all that a "*Judicial Misconduct Complaint*" will be filed with the U.S. Court of Appeals, Ninth Circuit under Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364 if Judge Timothy M. Burgess continues to refuse to issue a sua sponte "*Order*" to move the above named proceeding back into the Alaska Superior Court at Juneau, Alaska for want of subject matter and in propria persona jurisdiction. Said misconduct trespasses upon the sovereign authority of a State (Alaska) to determine the qualifications of Office

of Presidential Candidates and my "*Rights*" to be a "*Complainant*" of an Administrative Complaint that is before the Alaska Division of Elections. With such misconduct, the Judge of this U.S. District Court abuses his Office for the purpose of obstructing U.S. Presidential Ballot Elections of the State of Alaska and other States of the Union.

## Jurisdictional Challenges

### No Standing of Petitioner

From the very outset of the purported transfer of the above entitled Proceeding from the Alaska Superior Court into the U.S. District Court for the District of Alaska, the Petitioner did question the jurisdictional authority of the Judge Timothy M. Burgess to transfer a proceeding involving "*Office Qualifications*" of a Presidential Candidate or even a sitting President into the U.S. District Court for the District of Alaska. The Judge of the U.S. District Court was notified that the Petitioner had no "*Standing*" to entertain such proceedings before a U.S. Constitution, Article III, U.S. District Court, a position that has been upheld by every Appellate Court of every Federal Judicial District. (*e.g. Keyes, Drake, et.al. vs. Obama, (D.C., No. 8:09-CV-00082-DOC-AN) Attached as Exhibit "A"*).

### Want of Jurisdiction to Determine Presidential Office Qualifications

This U.S. District Court was given notice that it had no "*subject matter*" jurisdiction over "*Office Qualifications*" of "*Presidential Candidates*." Several Federal Appellate Courts and the "*Legal Affairs and Policy Staff Office of the Federal Register*" [*as Emailed to every Secretary of State and Directors of Elections on June 3, 2012*] have ruled that such determination of Office Qualifications of Presidential Candidates is with the States of the Union. (*see Exhibit "B"*)

This U.S. District Court was also given notice that it had no "*subject matter*" jurisdiction over "*Office Qualifications*" of a sitting President for such qualifications of Office is an issue of "*Quo Warranto*" which can only be brought into the U.S. District Court for the District of Columbia either by the U.S. Attorney General or by the U.S. Attorney for the District of Columbia:

> Section 16-3501 of the District of Columbia Code states:
>
> "A quo warranto may be issued from the United States District Court for the District of Columbia in the name of the United States against a person who within the District of Columbia usurps, intrudes into, or unlawfully holds or exercises, a franchise conferred by the United States or a public office of the United States, civil or military. The proceedings shall be deemed a civil action. – " (*emphasis added*).
>
> D.C. Code § 16-3501
>
> Under § 16-3502, only the Attorney General of the United States or the United States Attorney for the District of Columbia can initiate a proceeding for issuance of a writ of quo warranto "*on his own motion or on the relation of a third person,*" and if the writ is brought on behalf of a third person, it may only issue by leave of the District Court for the District of Columbia. D.C. Code § 16-3502.

## State of Alaska's "*Motion to Dismiss*"

This U.S. District Court was in receipt of a "*Motion to Dismiss*" by the State of Alaska wherein the Assistant Attorney General for the State challenges the authority of Gordon Warren Epperly to entertain a "*Case*" or "*Controversy*" before a U.S. Constitution, Article III Judicial Court. As there were no U.S. Constitution Article III Judicial Court "*Cases*" or "*Controversies*" brought into this U.S. District Court for the District of Alaska by Gordon Warren Epperly, the "*Motion to Dismiss*" by the State of Alaska must be construed to be a "*Jurisdictional Challenge*" questioning the "*Standing*" of the Petitioner before an U.S. Constitution, Article III Judicial Court, a position which the Petitioner, Gordon Warren Epperly, is in full agreement with.

But as this "*Motion to Dismiss*" by the State of Alaska applies only to a U.S. Constitution, Article III Judicial Court, the Judge of this U.S. District Court has no authority to dismiss any pending Proceeding(s) that were filed with the Superior Court for the State of Alaska as the two jurisdictions are not the same.

## The Office of U.S. Attorney brought into Question

The Constitutional authority for a Woman to represent the United States as U.S. Attorney was brought into question with no opposition made to such Allegations. As Karen L. Loeffler has admitted by her silence that she has no U.S. Constitutional authority to hold the Office of U.S. Attorney, she had no authority to move the *"Proceedings"* of Petitioner, Gordon Warren Epperly, from the Superior Court for the State of Alaska into the U.S. District Court for the District of Alaska. As there is no lawful move of a *"Civil Action"* from the Alaska Superior Court into the U.S. District Court, there is no authority for a Federal Judge to entertain any such *"Proceedings"* initiated by a defacto (unlawful) Office holder of U.S. Attorney.

The [purported] U.S. Attorney and her Assistant U.S. Attorney has not establish any jurisdictional authority that would allow this U.S. District Court to move forward with Gordon Warren Epperly having *"Standing"* as a Plaintiff nor for this U.S. District Court to determine the *"Office Qualifications"* of Presidential Candidates or *"Office Qualifications"* of sitting Presidents.

## Conclusion

As time is running short to determine the Office Qualifications of Presidential Candidate hopeful, Barack Hussein Obama II, it is imperative for Judge Timothy M. Burgess to sua sponte *"Order"* the above named Proceeding(s) back to the Alaska Superior Court for the First Judicial District at Juneau, Alaska for the purpose of overseeing the Administrative Proceedings of the Alaska Division of Elections.

It should be noted that the obstruction of the Alaska Superior Court has nothing to do with the *"Administrative Complaint"* that has been pre-filed with the Alaska Division of Elections. It would be an absurdity to say that Barack Hussein Obama II is not now aware of an *"Administrative Complaint"* that questions his Candidate Office

Qualifications with all the delay tactics that he has brought before the Alaska Superior Court and this U.S. District Court for the District of Alaska by his Attorneys.

The effective filing date of the pre-filed Administrative Complaint is the date that the Director of the Alaska Division of Elections is in receipt of a *"Official Certificate of Nomination"* Form from the Democrat National Committee in which the Democrat Political Party has declared Barack Hussein Obama II to be the Presidential Candidate of their choice. At the time the *"Certificate of Nomination"* Form is received by the Director of Elections, the *"Clock"* starts to run and under the Election Laws of the State of Alaska, the Director of Elections has only Thirty (30) Days to determine the Qualifications of Office of Barack Hussein Obama III as founded upon the preponderance of evidence of the Administrative Record.[1] At this time, the only preponderance of evidence that may be reviewed is what has been provided in the Administrative Record by Gordon Warren Epperly.

Each day that passes by wherein the Attorneys for Barack Hussein Obama II delays Judicial Proceedings is one less day that Barack Hussein Obama II has to prepare an *"Administrative Record"* with the Alaska Division of Elections. Unlike a Court of Law, the *"Burden of Proof"* of Eligibility of Office is with the Candidate, not with the *"Complainant"* of an Administrative Complaint. The People of the State of Alaska will be waiting for Barack Hussein Obama II to come forward and establish an *"Administrative Record"* wherein he has *"Established"* and *"Documented"* his *"Office Qualifications"* for his name to appear on the Alaska Election Ballots.

---

[1] **AS 15.25.042. Eligibility of a Candidate.**

   (a) If the director receives a complaint regarding the eligibility of a candidate for a particular office, the director shall determine eligibility under regulations adopted by the director. ** The director shall determine the eligibility of the candidate within 30 days of the receipt of the complaint.

   (b) Except as provided in (c) of this section, the director shall determine the eligibility of the candidate by a preponderance of the evidence.

  \*\* Note: The Director of Elections has failed to adopt regulations that address candidates for offices of the United States government as required by law, but as such, that is not a license for the Director to place undocumented *"Aliens"* upon the Alaska Election Ballots without qualifications of Office.

You may view the "*Administrative Record*" of the Alaska Division of Elections and all the "*Proceedings*" of the Alaska Superior Court and this United States District Court on the Internet at:

<u>http://tinyurl.com/9fcsm9z</u>

Look for the heading "*State of Alaska*" about a third of the way down the page.

What constitutes a reasonable time frame for Judge Timothy M. Burgess to issue forth a sua sponte "*Order*" to return the above entitled "*Proceeding*" back into the Alaska Superior Court, I don't know. But I believe a week from the filing date of this Document would be an adequate time frame to preserve the process of Presidential Ballot Elections.

Dated this <u>Twenty-Fourth</u> day of the month of <u>August</u> in the year of our Lord Jesus Christ, <u>Two-Thousand and Twelve</u>.

_____
Gordon Warren Epperly