RECEIVED
AUG 27 2012
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Gordon Warren Epperly
P.O. Box 34358
Juneau, Alaska 99803

Tel: (907) 789-5659

| | | |
|---|---|---|
| Gordon Warren Epperly, | ) | |
| | ) | |
| Petitioner, | ) | Case No.   1:12-CV-0011-TMB |
| | ) | |
| vs. | ) | Judge Timothy M. Burgess |
| | ) | |
| Barack Hussein Obama II, | ) | |
| Nancy Pelosi, | ) | |
| Mead Treadwell, | ) | Letter of Clarification |
| Gail Fenumiai, | ) | |
| | ) | |
| Respondents. | ) | |

## Letter of Clarification

**To: Judge Timothy M. Burgess**

The Petitioner (Gordon Warren Epperly) of the above entitled proceeding that was filed with the Alaska Superior Court at Juneau, Alaska did give "*Notice*" to all that a "*Judicial Misconduct Complaint*" would be filed with the U.S. Court of Appeals, Ninth Circuit under Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364 if Judge **Timothy M. Burgess** continues to refuse to issue forth a sua sponte "*Order*" to move the above named proceeding back into the Alaska Superior Court at Juneau, Alaska for want of subject matter and in propria persona jurisdiction. This "*Notice*" of intent to file a "*Judicial Misconduct Complaint*" was filed with the Clerk of the U.S. District Court

on August 24, 2012 with one week being granted from the filing date for a sua sponte "*Order*" to issue forth from the Court.

Within this "*Notice*," the Court was notified that it had no jurisdiction to entertain any proceeding that addressed Presidential Candidates. What needs to be clarified, is that Barack Hussein Obama II is not a "*Presidential Candidate*" for the Election year of 2012 at this time, but only a "*Nominee*" to represent the Democrat National Political Party as their Presidential Candidate. Barack Hussein Obama II will not be a Presidential Candidate until such time he is "*elected*" into that position by the Democrat Political Convention that will be held in Charlotte, North Carolina on September 9, 2012.

As there are no Presidential Candidates whose qualifications of Office may be reviewed, this U.S. District Court has no Presidential Candidate qualifications to address, and under Article III of the U.S. Constitution, this U.S. District Court has no authority to address "*hypothetical*" questions of law or fact.

Even though this Court has no subject matter jurisdiction to entertain "*Quo Warranto*" proceedings of a sitting President, it does have authority to address "*Jurisdictional Challenges*." I would like to encourage the Judge of this U.S. District Court to take the opportunity to submit a "*dicta*" Opinion to not only address the "*Political Rights*" of Women to hold Political Offices of the United States government under provisions of the United States Constitution, but also the "*Political Rights*" of "*Negroes*" and "*Mulattoes*." Any position taken by this Court would be helpful and a guidance to every Secretary of State of the States of the Union and the Directors of Elections of those States. What the Judge of this Court may have to offer would also be helpful to the Legislatures of the States in addressing "*Office Qualifications*" of Candidates for Offices of the United States government in reviewing their State's Election Laws.

Just as a friendly reminder, the "*dicta*" Case of U.S. v. Wong Kim Ark, 169 U.S. 649 only addressed the "*Fourteenth Amendment*" to the U.S. Constitution, "*Citizenship*," and "*Civil Rights*." The Court did not address "*Political Rights*" as Wong Kim Ark was never a Candidate for any Office of the United States government. Please take "*Notice*" that "*Civil Rights*" are not "*Political Rights*" and the two are not the same.

With the outstanding Jurisdictional Challenge of Karen L. Loeffler to hold the Office of U.S. Attorney, the Jurisdictional Challenge of Eric Holder to hold the Office of U.S. Attorney General, and the Jurisdictional Challenge of Barack Hussein Obama II to appoint "*Nominees*" to Offices of the United States government, any "*Cases*" or "*Controversies*" that are brought into this U.S. District Court for the District of Alaska in the name of the "*United States*" or any Officer(s) thereof from today forward will be "*tainted*" and subject to review on Appeal by the U.S. Court of Appeals.

## Conclusion

Again as a reminder that as time is running short to determine the Office Qualifications of Presidential Candidate hopeful, Barack Hussein Obama II, it is imperative for Judge **Timothy M. Burgess** to sua sponte "*Order*" the above named Proceeding(s) back to the Alaska Superior Court for the First Judicial District at Juneau, Alaska for the purpose of overseeing the Administrative Proceedings of the Alaska Division of Elections.

It should be noted that the obstruction of the Alaska Superior Court has nothing to do with the "*Administrative Complaint*" that has been pre-filed with the Alaska Division of Elections. It would be an absurdity to say that Barack Hussein Obama II is not now aware of an "*Administrative Complaint*" that questions his [perspective] Candidate Office Qualifications with all the delay tactics that he has brought before the Alaska Superior Court and this U.S. District Court for the District of Alaska by his Attorneys.

The effective filing date of the pre-filed Administrative Complaint is the date that the Director of the Alaska Division of Elections is in receipt of a "*Official Certificate*

Page 3 of 6

Case 1:12-cv-00011-TMB Document 28 Filed 08/27/12 Page 3 of 6

*of Nomination*" Form from the Democrat National Committee in which the Democrat Political Party has declared Barack Hussein Obama II to be the Presidential Candidate of their choice. At the time the "*Certificate of Nomination*" Form is received by the Director of Elections, the "*Clock*" starts to run and under the Election Laws of the State of Alaska, the Director of Elections has only Thirty (30) Days to determine the Qualifications of Office of Barack Hussein Obama III as founded upon the preponderance of evidence of the Administrative Record. /[1]  At this time, the only preponderance of evidence that may be reviewed is what has been provided in the Administrative Record by Gordon Warren Epperly.

Each day that passes by wherein the Attorneys for Barack Hussein Obama II delays Judicial Proceedings is one less day that Barack Hussein Obama II has to prepare an "*Administrative Record*" with the Alaska Division of Elections. Unlike a Court of Law, the "*Burden of Proof*" of Eligibility of Office is with the Candidate, not with the "*Complainant*" of an Administrative Complaint nor with any Attorney. The People of the State of Alaska will be waiting for Barack Hussein Obama II to come forward and establish an "*Administrative Record*" wherein he has "*Established*" and "*Documented*" his "*Office Qualifications*" for his name to appear on the Alaska Election Ballots.

I would also like to remind Judge **Timothy M. Burgess** that with the [purported] transfer of my "*Proceedings*" from the Alaska Superior Court into the U.S. District Court for the District of Alaska, the Judge of this Court has been duly notified under the mandate

---

[1] **AS 15.25.042. Eligibility of a Candidate.**

(a) If the director receives a complaint regarding the eligibility of a candidate for a particular office, the director shall determine eligibility under regulations adopted by the director. ** The director shall determine the eligibility of the candidate within 30 days of the receipt of the complaint.

(b) Except as provided in (c) of this section, the director shall determine the eligibility of the candidate by a preponderance of the evidence.

** Note: The Director of Elections has failed to adopt regulations that address candidates for offices of the United States government as required by law, but as such, that is not a license for the Director to place undocumented "*Aliens*" upon the Alaska Election Ballots without qualifications of Office.

Case 1:12-cv-00011-TMB   Document 28   Filed 08/27/12   Page 4 of 6

of 18 USC 4, /[2] that "*Criminal Acts*" may have been committed by Nancy Pelosi as "*Chair*" of the Democrat National Committee when she did upon a "*Sworn Document*" declared that the name of Barack Hussein Obama II was to be placed on the year 2008 Election Ballots of every State in the Union as having the qualifications of Office of President of the United States under provisions of the United States Constitution when she had full knowledge that such statements were not true. Nancy Pelosi has "*refused*" on two separate occasions to produce "*Documents*" which the Democrat National Committee or Nancy Pelosi as "*Chair*" of the Committee relied upon to declare Barack Hussein Obama II was a qualified Candidate for the Office of President of the United States which establishes "*Probable Cause*" to believe that "*Criminal Acts*" have been committed which requires a criminal investigation by a Federal Grand Jury. A demand is placed upon Judge **Timothy M. Burgess** to submit the name of "*Nancy Pelosi*" to a Federal Grand Jury for a criminal investigation.

You may view the "*Administrative Record*" of the Alaska Division of Elections and all the "*Proceedings*" of the Alaska Superior Court and this United States District Court on the Internet at:

http://tinyurl.com/9fcsm9z

Look for the heading "*State of Alaska*" about a third of the way down the page.

What constitutes a reasonable time frame for Judge **Timothy M. Burgess** to issue forth a sua sponte "*Order*" to return the above entitled "*Proceeding*" back into the Alaska Superior Court before a "*Judicial Misconduct Complaint*" should be filed, I don't know. But as a week (*seven days*) was granted from the filing date of August 24, 2012 (*excluding weekends and holidays*) for the Judge to issue forth a sua sponte "*Order*."

---

[2]/ **18 USC 4. - Misprision of Felony.**

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

I would consider addition time if the Judge would like to write a "*dicta*" Opinion. I have no objections to such extensions of time as an extension of time would have no effect upon the Director of Elections to address "*Administrative Complaints*" that are before the Alaska Division of Elections.

Dated this  Twenty-Seventh  day of the month of  August  in the year of our Lord Jesus Christ, Two-Thousand and Twelve.


_____
Gordon Warren Epperly


cc: "*Chair*" of the Democrat National Committee
**NASED Roster** of State Elections Directors Group