**Gordon Epperly**

| | |
|---|---|
| From: | "Gordon Epperly" <enter69@usa-the-republic.com> |
| To: | <Undisclosed-Recipient:;> |
| Sent: | Thursday, September 13, 2012 2:52 PM |
| Attach: | KTOO Article - Lawsuit Challenging Obama's Qualifications.pdf; Motion_to_Quash_Remand_of_Case_to_Superior_Court.pdf |
| Subject: | Mysterious "Memorandum" to "Court Order" |

*REMEMBER*
*If you forward this, please remove email addresses before you send it on, and use the BCC area when sending to several people at once.*
*Be Kind to Your Email Friends*



Hello Everyone

To my surprise, the Judge of the U.S. District Court issued a "*Memorandum*" with his "*Court Order*" to dismiss my Proceeding that I had before the Alaska Superior Court. I never received this "*Memorandum*" at the time I recieved the "*Court Order*," but discovered it by accident from an Internet Article that was published by KTOO Radio here in Juneau, Alaska. I won't bother going into discussion with the "*Memorandum*" of the "*Court Order*" for everyone has received copies of all the Documents that have been submitted into that U.S. District Court. I am sure each of you will be able to form Conclusions of your own.

I just received another "*Motion*" from the Office of U.S. Attorney requesting the Judge not to remand the Case back to the Alaska Superior Court. What is most bothersome is that I never came into the U.S. District Court on my own initiative and I have never accepted the pretended assertion of jurisdiction of that Court. But nevertheless, the U.S. Attorney is now asking the Judge to "*Sanction*" me for submitting my own understanding of the U.S. Constitution in my own defense. Most of you will remember that back in the years of the late 1990's, I received a telephone call informing me that the next time I made an appearance before the U.S. District Court for the District of Alaska, I would be "*Sanctioned*" in excess of $10,000.00. It appears the U.S. Attorney, Karen L. Loeffler, is going to make good of that threat for questioning her authority to hold the Office of U.S. Attorney.

This proceeding that was moved from the Alaska Superior Court into the U.S. District Court was for one purpose only, that was for a payback to Barack Obama for appointing Karen L. Loeffler to the Office of U.S. Attorney. As you look to the "*Court Orders*" of the Judge and the "*Motion*" of the U.S. Attorney, it is very evident that the Judge and the U.S. Attorney had no intentions of addressing the qualifications of Office of Barack Hussein Obama II, but have chosen to use their Office for the purpose of obstructing the production of Documents of Office Qualifications that was made upon Barack Obama Hussein II as a Candidate for the President of the

United States. As one of the Attorneys representing Barack Obama stated before another State's Administrative Hearing: *"Mickey Mouse can be a Presidential Candidate and hold the Office of President of the United States and there is nothing that the People can do about it"* so it is with this U.S. District Court.

I have attached a copy of the KTOO Radio Article with *"Court Order To Dismiss Case"* and the *"Motion"* of the U.S. Attorney to quash my request to remand the Proceedings back into the Alaska Superior Court. I am not going to respond to either of these two Documents, for what is the point! There is less than thirty (30) days for the Director of the Alaska Division of Elections to make a Ruling upon the Administrative Complaint that is on file within her Office. The Judge's *"Court Order"* is purly *"dicta"* and it has nothing to do with that Complaint.


Gordon Epperly



CRIME & COURTS

**Lawsuit challenging Obama's qualifications is tossed out in federal court**
*by Matt Miller*
September 12, 2012 1:24 pm

An Alaska-based federal judge has thrown out a lawsuit challenging President Barack Obama's qualifications to appear as a candidate on the November general election ballot.

Gordon Warren Epperly of Juneau claims that Obama does not have the political right to hold federal office because he's of mixed race. Epperly filed an <u>objection with the state Division of Elections in April</u> and <u>sued in state Superior Court in July</u>.

Attorneys for President Obama, U.S. Representative Nancy Pelosi, Alaska Lieutenant Governor Mead Treadwell, and Alaska Division of Elections Director Gail Fenumiai all filed motions calling for the lawsuit's dismissal.

The case was moved to U.S. District Court where Judge Timothy Burgess on August 24th dismissed the lawsuit 'with prejudice.' That means it can never be brought up again.

In the <u>five-page dismissal order</u>, Judge Burgess says the lawsuit is based on 'frivolous and implausible claims' by Epperly.

Burgess is a former Alaska-based U.S. Attorney who was nominated to the bench by President George W. Bush in 2005.

**The below "*Court Order*" was never recieved by Gordon Warren Epperly from the Judge or or from the Clerk of the Court.**

**The "*Court Order*" was discovered by accident upon reading the above Article of KTOO**

*Gordon Warren Epperly*
Gordon Warren Epperly

KAREN L. LOEFFLER
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
Bryan.Wilson@usdoj.gov

Attorney for Respondent

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GORDON WARREN EPPERLY, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Civil Action No. 1:12-cv-0011 (TMB)<br>) |
| BARACK HUSSEIN OBAMA II, et al., | )<br>) |
| Respondents. | )<br>)<br>) |

### OPPOSITION TO MOTION TO REMAND BY RESPONDENT BARACK OBAMA

Respondent, BARACK HUSSEIN OBAMA II, in his capacity as the President of the United States, by and through the undersigned Assistant U.S. Attorney, opposes Petitioner's Motion to Remand, and in support states as follows:

### INTRODUCTION

Respondent removed this case from state court on July 27, 2012. Doc. 1. Petitioner objected to the removal (Doc. 7), and Respondent filed a response to that

objection, explaining why jurisdiction over this matter is properly in this Court. Doc. 9. Petitioner then filed the instant Motion to Remand, which rehashes the claims in his earlier filings.[1]

## ARGUMENT

### Petitioner Has Raised Official Capacity Claims Against President Obama.

As explained previously, Petitioner has identified and challenged as unlawful several of Respondent Obama's official duties as President of the United States. Petitioner first claims that Respondent's inauguration as President "was unlawful[]." Doc. 1, Attachment 1, p.3. To be sure, the inauguration of the President occurs at the very beginning of his term as President. Nevertheless, as the United States District Court for the District of Columbia explained in connection with President George W. Bush's inauguration, judicial action, such as "an injunction or declaratory judgment against the President" in connection with that President's inauguration, operates on "acts undertaken in [the President's] official capacity." *Newdow v. Bush*, 391 F.Supp.2d 95, 106-07 (D.D.C. 2005) (emphasizing that the Court could not issue an injunction that would affect the inauguration because of the Supreme Court's command that such relief "should not be issued against the President for official acts."). Other courts have likewise recognized that the inauguration of the President is an official event. *See, e.g., Allegheny County v. ACLU of Greater Pittsburgh*, 492

---

[1] Petitioner also filed a "Rebuttal" to Respondent's response to Petitioner's objection to removal. Doc. 13. This filing adds only the argument that Petitioner's challenge to President Obama's qualifications cannot be removed because this Court would not have original jurisdiction over a *quo warranto* action, should Petitioner have chosen to bring one. This argument fails because "unlike removal pursuant to 28 U.S.C. § 1441, a district court has jurisdiction to hear an action removed pursuant to 28 U.S.C. § 1442a even if the initial action could not have been commenced by the plaintiff in a federal forum." *Mir v. Fosburg*, 646 F.2d 342, 344 (9th Cir. 1980).

2

U.S. 573, 671 n.9 (1989) (Kennedy, J., concurring in part and dissenting in part) (citing opening prayers at presidential inauguration as an example of symbolic religious action by the Executive); *Coles v. Cleveland Bd. of Ed.*, 183 F.3d 538, 540 (6th Cir. 1999) (Boggs, J.), (dissent from denial of rehearing en banc) (treating solemnization of inauguration as official action). By challenging the inauguration as unlawful, Petitioner thus frames his allegations squarely as an attack on the President in his official capacity.

The nature of Petitioner's challenge to the President's official business is equally evident in his suggestion that Respondent be "investigat[ed by] federal officials such as the FBI" for an alleged "violation of [his] 'oath of office.'" Doc. 1, Attachment 1, p.5 at n.6. Article II of the Constitution provides the text of the presidential oath:

> I do solemnly swear (or affirm) that I will faithfully execute the Office of the President of the United States, and will to the best of my Ability, preserve, protect and defend the Constitution of the United States.

A claim that the President has violated this oath – taken at the very beginning of his term of office – is by necessity a claim that the President has, by his official actions, failed to "faithfully execute the Office of the President" or to "preserve, protect and defend the Constitution." For Petitioner, there is no avoiding the reality that his claims against the President based on the oath of office are claims against the President for his official acts.

Finally, Petitioner's "prayer for relief" makes clear precise relief that he seeks from the Court: "submi[ssion of] the name of Respondent . . . for a grand jury

3

investigation . . . for [giving] "Orders" to Military Commanders . . . and exercis[ing] other duties of the President of the United States."[2] Doc. 1, Attachment 1, p.18. Such a direct challenge to the President's exercise of his official duties is precisely the type of situation for which "the federal government [has] guarantee[d] its agents access to a federal forum" under 28 U.S.C. § 1442. *Durham v. Lockheed Martin*, 445 F.3d 1247, 1252-53 (9th Cir. 2006). Petitioner's request that the Court act against Respondent for exercising core official duties of the Executive demonstrates the outright misleading nature of Petitioner's attempt to recharacterize his pleading as merely a request for review of the State of Alaska's administrative action.

### Petitioner's suggestion that the Constitution requires discrimination on the basis of gender is equally frivolous.

To his previous claims regarding jurisdiction, Petitioner's motion adds a "challenge [to] the U.S. Constitutional authority of Karen L. Loeffler to exercise the Office of U.S. Attorney." As his sole support for this claim – and his broader misconception that all "individuals who are not white Citizens . . . elected or appointed" in the government are "usurpers of office," Petitioner presents only a rambling, irrelevant historical opus purporting to interpret the Fourteenth and Nineteenth Amendments. Petitioner has been previously sanctioned for making similar arguments in other cases. *See Epperly v. United States*, 980 F.2d 737 (Table) (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Remand should be denied.

---

[2] For obvious reasons, Petitioner may not avoid the implications of his requested relief by describing it as dependent on the outcome of his litigation. *See* Doc. 16, p.3 ("a very important word that is overlooked . . . is 'If.'"). All forms of relief are dependent on the findings of the Court.

4

RESPECTFULLY SUBMITTED, on August 21, 2012, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ E. Bryan Wilson
Assistant U.S. Attorney
Attorney for the Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2012,
a copy of the foregoing
was served via U.S. mail on:

Gordon Warren Epperly
P.O. Box 34358
Juneau, AK 99811-4100

via electronic service on:

Thomas M. Daniel
Elizabeth M. Bakalar

s/E. Bryan Wilson

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

GORDEN WARREN EPPERLY,

                     Petitioner,

v.

BARACK HUSSEIN OBAMA II, et al.,

                     Respondents.

Case No. 1:12-cv-00011-TMB

## ORDER OF DISMISSAL

On June 25, 2012, Gordon Warren Epperly, representing himself, filed an action in the Superior Court for the State of Alaska, which was removed by the defendants to this court on July 27, 2012.[1]

### Removal Jurisdiction

Mr. Epperly has challenged the right of the defendants to remove the case to this court. He challenges (1) the jurisdiction of the court, contending that he is complaining of the administrative actions which allowed President Obama's name to appear on the ballot in Alaska, rather than posing a federal question; and (2) that, as a woman, United States Attorney for the District of Alaska, Karen Loeffler, has no authority to remove this case to federal court.[2] Mr. Epperly goes on to state as follows:

---

[1] Docket 1; *Gordon Warren Epperly v. Barack Obama II*, Case No. 1JU-12-694CI, available at http://www.courtrecords.alaska.gov/eservices/home.page

[2] Docket 13 at 2 – 3.

The year 2010 national elections for the government of the United States have come and gone with several Woman [sic], and other individuals who are not white Citizens, having been elected or appointed into the Offices of the Congress, President, Judicial Courts, and several Executive Offices of the government for the United States of America. All these individuals are *"Usurpers of Office"* for they have no *"Political Privileges" (Rights)* under any provision of the United States Constitution to hold a Pubic Office for the United States government under the qualification Clauses of Article I, Article II, and Article III of the United States Construction.

The question presented, since the *[purported]* adoption of the Fourteenth Amendment to the U.S. Constitution, does a Woman or any none [sic] white citizen have *"Political Privileges"* to be elected into or appointed into Pubic Offices of the government for the United States of America?[3]

In his initial pleading filed with the Superior Court for the State of Alaska, Mr. Epperly states that he "brings this Petition for an 'Order in the Nature of Mandamus' within the *time frame and venue* established by Article I, section 7 of the *Alaska Constitution*, and by the *Privileges and Immunity [sic] Clause* of the *Fourteenth Amendment to the United States Constitution*."[4] He alleges that President Obama was unlawfully inaugurated as President because, as "a child of a mixed marriage [who] is identified in law as a 'Mulatto,'" he has "no inherent 'Rights of Birth' to be a 'Citizen' of the United States." As such, Mr. Epperly contends, President Obama "was (unlawfully) inaugurated as President of the United States."[5]

---

[3] *Id.* at 3 – 4.

[4] *Id.* at 1-1 at 2 (emphasis added).

[5] *Id.* at 2 – 3.

1:12-cv-00011-TMB, *Epperly v. Obama, et al.*
Order of Dismissal
Page 2 of 5
Case 1:12-cv-00011-TMB   Document 24   Filed 08/24/12   Page 2 of 5
Case 1:12-cv-00011-TMB   Document 30-1   Filed 09/18/12   Page 10 of 13

Likewise, Mr. Epperly contends that "Respondent Nancy Pelosi is a questionable member of the House of Representatives [because, a]s a women, [sic] she has no inherent Rights of Birth to be a Citizen of the United States .... There are no provisions in the Constitution of the United States that grants Women 'Political Rights' of Suffrage to hold any Political Office of the United States Government."[6]

Given Mr. Epperly's statement of his own cause of action,[7] the defendants had the right to remove the case to federal court.[8]

---

[6] *Id.* at 3.

[7] Although Mr. Epperly also names state officials who have duties concerning federal elections in Alaska, he claims that he was denied his "Constitutional Rights to 'Due Process of Law' to allow [Respondent Gail Fenumiai] to place the name of a Presidential Candidate that has no qualifications of Office on the Election Ballots for the State of Alaska. ... and that his "Rights of 'Due Process of Law' ... have been placed in jeopardy by Respondents, Lt. Governor Mead Treadwell and his Director of Elections, Gail Fenumiai, for they have taken no action to 'verify' the qualifications of Office of (perspective) Presidential Candidate, Barack Hussein Obama II." Docket 1-1 at 9 - 10. Mr. Epperly's cause of action under A.S. 15.25.042(a), likewise arise out of his allegation that President Obama "has not established the eligibility requirements set forth by the U.S. Constitution of being a 'natural born Citizen,' or even a citizen of the United States," and "is therefore ineligible to appear on the Election Ballots for the State of Alaska as a Candidate for President of the United States." *Id.* at 16 – 17. And Mr. Epperly's prayer for relief states that his "Rights of 'Due Process of Law' ... require that the Alaska Lt. Governor and his Director of Elections adhere to the U.S. Constitution and verify the eligibility of Barack Hussein Obama II in a timely manner for the Office of President of the United States." *Id.* at 17. Mr. Epperly further requests that the court "submit the name of Respondent, Nancy Pelosi, to the United States District Court for the District of Columbia for a Grand Jury investigation into the crime of 'advocating the overthrow of the Constitutional form of government of the United States.' (5 U.S.C. 3331, 5 U.S.C. 3333, 18 U.S.C. 1918, and Executive Order 10450)." *Id.* at 17. In addition, Mr. Epperly requests that "[i]f Barack Hussein Obama II is found to be in want of the Constitutional qualifications to hold the Office of President of the United States," that President Obama's name be submitted "to the United States District Court for the District of Columbia for a Grand Jury investigation ... into the crime of 'advocating the

1:12-cv-00011-TMB, *Epperly v. Obama, et al.*
Order of Dismissal
Page 3 of 5
Case 1:12-cv-00011-TMB   Document 24   Filed 08/24/12   Page 3 of 5
Case 1:12-cv-00011-TMB   Document 30-1   Filed 09/18/12   Page 11 of 13

## Frivolous Claims

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[9] "Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional."[10] Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11]

In conducting a review of the pleadings of a self-represented plaintiff, the court is mindful that it must liberally construe the pleadings and give the plaintiff the benefit of the doubt.[12] Before the court may dismiss Mr. Epperly's case, the court must provide him with a statement of the deficiencies in the complaint and

---

overthrow of the Constitutional form of government of the United States.' (5 U.S.C. 3331, 5 U.S.C. 3333, 18 U.S.C. 1918, and Executive Order 10450)." *Id.* at 18.

[8] *See* 28 U.S.C. § 1442(a)(1) (allowing for removal for suits against federal officers); 28 U.S.C. § 1441(a) (allowing for removal when a federal district court has original jurisdiction); *Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009) ("28 U.S.C. § 1331 ... vests in federal district courts jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' Under the longstanding well-pleaded complaint rule ... a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"); *see also* Docket 9.

[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[10] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke*, 490 U.S. at 325 ("'[F]rivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Iqbal*] 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

1:12-cv-00011-TMB, *Epperly v. Obama, et al.*
Order of Dismissal
Page 4 of 5
Case 1:12-cv-00011-TMB   Document 24   Filed 08/24/12   Page 4 of 5
Case 1:12-cv-00011-TMB   Document 30-1   Filed 09/18/12   Page 12 of 13

an opportunity to amend, unless it is clear that amendment would be futile.[13] In this case, amendment would be futile. Mr. Epperly's claims are implausible and frivolous.[14] This court will, therefore, dismiss this case.[15]

Therefore, IT IS HEREBY ORDERED:

1. This case is DISMISSED with prejudice;[16]

2. All outstanding motions are DENIED as moot; and

3. The Clerk of Court will enter a Judgment in this case.

Dated at Anchorage, Alaska this 24th day of August, 2012.

/s/ TIMOTHY M. BURGESS
United States District Judge

---

[13] See Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). See also Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

[14] See, e.g., Dockets 1-1, 7, 10-1, 10-2, 11, 13, 17.

[15] See Blacks Law Dictionary (9th ed. 2009) ("sua sponte" is defined as "of one's own accord; voluntarily."). Although the defendants make good arguments for dismissal (Docket 7), the court requires no further briefing by any party on any issue presented in this case. The issue of frivolousness and implausibility are so clear and conclusive that it would be a waste of the parties' and the court's resources to allow this case to proceed.

[16] See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").

1:12-cv-00011-TMB, Epperly v. Obama, et al.
Order of Dismissal
Page 5 of 5
Case 1:12-cv-00011-TMB   Document 24   Filed 08/24/12   Page 5 of 5
Case 1:12-cv-00011-TMB   Document 30-1   Filed 09/18/12   Page 13 of 13